Filed 4/15/15  Kalvans v. Sullivan & Associates CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MARY ANN KALVANS et al., | 2d Civil No. B255933 |
| Plaintiffs and Appellants, | (Super. Ct. No. CV130005) |
| | (San Luis Obispo County) |
| v. | |
| SULLIVAN & ASSOCIATES et al., | |
| Defendants and Respondents. | |

In November 2013, appellants Mary Ann Kalvans and Craig Rambo filed a complaint in propria persona for legal malpractice against respondents Sullivan & Associates and Shaunna Sullivan.  They allege respondents failed to prevent the loss of their home through foreclosure.  The trial court sustained respondents' demurrer without leave to amend, concluding appellants' claims are barred by either the one-year statute of limitations for legal malpractice (Code Civ. Proc., § 340.6)[1] or the three-year statute of limitations for fraud (§ 338, subd. (d)).  By appellants' own admission, their claims accrued more than three years earlier -- in February 2010 -- when they were evicted from their home and ordered to pay damages.  We affirm.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

FACTS AND PROCEDURAL BACKGROUND

In July 2004, American General Financial Services, Inc. (American General) loaned appellants money to purchase a single-family residence in Bradley, California (Property). The loan was secured by a first deed of trust on the Property. Appellants subsequently obtained a loan for repairs, secured by a second deed of trust naming Heritage Lending, Inc., as trustee, and Henrik Nielsen, Robbie Pickett and Ted Pickett as beneficiaries.

Appellants consulted with respondents after discovering their home had been constructed without the requisite building permits. In July 2007, respondents filed a complaint in Monterey County Superior Court (Monterey Action) on appellants' behalf, seeking damages, injunctive relief and an order preventing foreclosure by the first lienholder, American General. The complaint did not reference the second deed of trust.

A foreclosure sale was held on the second deed of trust in September 2009. Nielsen purchased the Property at the sale, taking ownership subject to the first deed of trust. On September 24, 2009, Nielsen posted a three-day notice to vacate on the Property. He followed up with an unlawful detainer action in October 2009. On February 24, 2010, following a jury trial, Nielsen obtained a judgment of eviction against appellants plus an award of damages, attorney fees and costs.

Respondents represented appellants until September 2009, when another attorney substituted in as their counsel in the Monterey Action. On November 8, 2013, appellants filed a complaint against respondents for breach of contract, fraud and negligence. They allege respondents negligently and fraudulently failed to secure a stay of the foreclosure and to add Nielsen and the Picketts as defendants in the Monterey Action. Respondents demurred to the complaint on statute of limitations grounds. Appellants filed a first amended complaint (FAC) alleging the same causes of action, but asserting that the facts underlying their claims "did not become discoverable until the arbitration hearing on August 13, 2013 when . . . Sullivan admitted her breach of the agreement." Respondents demurred again and requested that the trial court take judicial notice of documents filed in both the Monterey Action and Nielsen's unlawful detainer

2

proceeding. Appellants did not oppose the demurrer or object to the request for judicial notice.

The trial court issued a tentative decision to grant the request for judicial notice and to sustain the demurrer as to each cause of action without leave to amend. Based on the allegations in the FAC and the judicially noticed facts, the court concluded the breach of contract and negligence claims are barred under the one-year statute of limitations in section 340.6, subdivision (a). The court concluded the statute commenced in August 2009 when respondents allegedly told appellants about Nielsen's claim, and no later than October 2009, when Nielsen commenced eviction proceedings.

The trial court determined the fraud cause of action is barred by the applicable three-year statute. (§ 338, subd. (d).) It concluded that the allegedly concealed facts were disclosed to appellants in August 2009, more than three years prior to the filing of this action.

Appellants filed a written objection to the trial court's tentative decision. They reiterated their allegation that their claims did not accrue until August 13, 2013, when Sullivan purportedly admitted in an arbitration that she had contacted Nielsen before February 2009 and had failed to inform appellants of his claim to the Property. Following a hearing, the trial court adopted its tentative decision and entered a judgment of dismissal.[2] This appeal followed.

DISCUSSION

*Standard of Review*

The order sustaining appellant's demurrer is reviewed de novo. (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191.) ""'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." [Citation.] . . . When a demurrer is sustained . . . without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by

---

[2] The record reflects Kalvans appeared and argued at the hearing on the demurrer, but appellants have not provided a reporter's transcript of that hearing.

3

amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.' [Citations.]" (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

*Statute of Limitations*

Under section 340.6, subdivision (a), "[a]n action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first." The limitations period is tolled until the plaintiff suffers actual loss or damage resulting from the alleged misconduct. (*Id*. at subds. (a)(1), (2) & (4).)

We conclude section 340.6 supplies the applicable limitations period for all three causes of action asserted in the FAC -- breach of contract, negligence and fraud. This is because the gravamen of each cause of action, including the fraud claim, is respondents' alleged failure to obtain a stay of foreclosure of the second deed of trust and to include Nielson and the Picketts as defendants in the Monterey Action. (See *Carter v. Prime Healthcare Paradise Valley LLC* (2011) 198 Cal.App.4th 396, 412 ["The nature of the cause of action and the primary right involved, not the form or label of the cause of action or the relief demanded, determine which statute of limitations applies"].) These alleged omissions arose in the performance of respondents' professional services, and therefore are subject to the one-year limitations period. (§ 340.6, subd. (a); *Carter*, at p. 412.)

The FAC alleges that respondents' "failure . . . to obtain the injunction [of the foreclosure] resulted in the loss of Plaintiff's home and a wage garnishment and spawned several other lawsuits against [appellants]." On the one hand, appellants allege respondents did not advise them of Nielsen's claim to the Property until August 2009. On the other hand, they allege they did not learn of Nielsen's involvement until he posted the three-day notice in September 2009. In either event, appellants necessarily were aware of

Nielsen's claim no later than September 2009.  Under section 340.6, "'. . . [d]iscovery of any appreciable and actual harm from the attorney's negligent conduct establishes a cause of action and begins the running of the limitations period.'"  (*Samuels v. Mix* (1999) 22 Cal.4th 1, 11 (*Samuels*); see *Curtis v. Kellogg & Andelson* (1999) 73 Cal.App.4th 492, 501 (*Curtis*) ["It is well established that a cause of action accrues once the plaintiff suffers harm and becomes aware of the necessary facts linking the defendant to the harm"].)  Here, appellants concede in the FAC that they suffered appreciable harm when Nielsen obtained the judgment of possession and award of damages against them.  The documents submitted with the request for judicial notice confirm this occurred on February 24, 2010.

Thus, by the time Nielsen prevailed in his unlawful detainer action, appellants were on notice of the need to investigate respondents' alleged professional misconduct.  At that point, if not sooner, a reasonably diligent person in appellants' position would have questioned whether respondents should have taken steps to prevent the foreclosure.  That appellants may not have known all the circumstances surrounding respondents' alleged omissions until the August 2013 arbitration makes no difference with respect to accrual of their claims.  (*Samuels*, *supra*, 22 Cal.4th at p. 11; *Curtis*, *supra,* 73 Cal.App.4th at p. 501.)  "So long as a suspicion [of wrongdoing] exists, it is clear that the plaintiff[s] must go find the facts; [they] cannot wait for the facts to find [them]."  (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1111; see *Gutierrez v. Mofid* (1985) 39 Cal.3d 892, 898 ["It is irrelevant that the plaintiff is ignorant of his legal remedy or the legal theories underlying his cause of action . . . if one has suffered appreciable harm and knows or suspects that professional blundering is its cause, the fact that an attorney has not yet advised him does not postpone commencement of the limitations period"].)

Appellants contend the "actual fraud" exception to the one-year statute of limitations applies to their fraud claim.  (§ 340.6, subd. (a); *Lockton v. O'Rourke* (2010) 184 Cal.App.4th 1051, 1065, fn. 6.)  Even assuming the applicable statute of limitations is three years, as provided for fraud actions by section 338, subdivision (d), the cause of

action accrues on "the date the complaining party learns, or at least is put on notice, that a representation was false." (*Brandon G. v. Gray* (2003) 111 Cal.App.4th 29, 35; *Kline v. Turner* (2001) 87 Cal.App.4th 1369, 1374.)  The allegedly concealed facts regarding Nielsen's claim were known to appellants by February 2010, when he was awarded possession of the Property.  Because appellants' claims accrued no later than February 2010, their lawsuit -- filed more than three years later in November 2013 -- is barred whether the three-year or one-year statute applies.  (§§ 338, subd. (d), 340.6, subd. (a).)

Appellants' remaining arguments have been considered and merit no further discussion.  They make no showing that the trial court erred in sustaining the demurrer or that the FAC can be amended to cure the pleading defects.  (See *Zelig v. County of Los Angeles*, *supra*, 27 Cal.4th at p. 1126.)

DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.


6

Martin J. Tangeman, Judge

Superior Court County of San Luis Obispo

_____

Mary Ann Kalvans and Craig Rambo, in pro. per., for Plaintiffs and Appellants.

The Colton Law Firm, Michael A. Colton for Defendants and Respondents.