Filed 11/18/22  Vidal v. Jang CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| JACQUELINE VIDAL,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br>ADRIAN JANG,<br><br>        Defendant and Respondent. | B316210<br><br>(Los Angeles County<br>Super. Ct. No. TC029153) |


        APPEAL from the judgment of the Superior Court of Los Angeles County, Thomas D. Long, Judge.  Affirmed.

        Jacqueline Vidal, in pro. per., for Plaintiff and Appellant.

        No appearance for Defendant and Respondent.


1

\* \* \* \* \* \*

A former employee sued her former employer 11 years after the last evidence of her employ there. The trial court granted summary judgment on the ground that her claim was time-barred. This was correct, so we affirm.

## FACTS AND PROCEDURAL BACKGROUND[1]

### I. Facts

In 2007, Jacqueline Vidal (plaintiff) started working as a secretary for Adrian Jang (Jang)[2] and Michael H. Lee (Lee), who jointly owned a company called People's Financial, Inc. Plaintiff provided ledger sheets showing her employment between May 14, 2007, and September 14, 2007.

### II. Procedural Background

On May 15, 2018, plaintiff sued Jang, Lee and People's Financial, Inc. (collectively, defendants) for the intentional tort of "refus[ing] to pay" her wages. She sought $96,000.

On June 3, 2021, Jang filed a motion for summary judgment on the ground that plaintiff's lawsuit was time-barred because it was filed nearly 11 years after she left his employ. In opposing the motion, the sole evidence plaintiff tendered were declarations from herself and her husband, in which they both indicated that Jang would call "every three or six months" with

---

[1] Plaintiff, who is proceeding pro se, did not provide any pertinent documents from the trial court that would enable us to evaluate the merits of her appeal. Rather than declare her appeal to be waived, we ordered the pertinent documents from the trial court and now take judicial notice of them so that we may consider plaintiff's appeal on the merits. (Evid. Code, §§ 459, 452.)

[2] Jang was originally and erroneously sued as "Adrian Jung."

2

"promises of paying [plaintiff] for [her] services," and that those calls ended "two years" after she left his employ.

After Jang filed a reply brief, the trial court granted summary judgment on the grounds that Jang's complaint was filed long after the applicable statutes of limitation and that she could not avail herself of equitable tolling.

Plaintiff filed this timely appeal.

## DISCUSSION

Plaintiff argues that the trial court erred in granting Jang's motion for summary judgment. "A party in a civil case is entitled to summary judgment if, among other things, he can show that the undisputed facts 'establish[] an affirmative defense' 'as a matter of law.' ([Code Civ. Proc.] § 437c, subds. (o)(2) & (c).) Thus, summary judgment is appropriate where the undisputed facts establish that a claim is barred by the statute of limitations. (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1112; *Romano v. Rockwell Internat., Inc.* (1996) 14 Cal.4th 479, 487.)" (*Arrow Highway Steel, Inc. v. Dubin* (2020) 56 Cal.App.5th 876, 883.)[3] We may only look at the *admissible evidence* submitted in support of, and in opposition to, summary judgment (§ 437c, subd. (d); *Forest Lawn Memorial-Park Assn. v. Superior Court* (2021) 70 Cal.App.5th 1, 8); the parties' unsworn arguments in their motion and opposing papers are *not* evidence (e.g., *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 656, disapproved on other grounds in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5).

The undisputed facts establish that plaintiff's claim is barred by the statute of limitations. Although plaintiff alleges in

---

**3** All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

3

her pleadings that she worked for Jang until 2009, the *evidence* she submitted only suggests employment without payment through September 14, 2007—plaintiff includes photocopies of two checks made out to her in 2007 onto which someone has scrawled the word "bounced," but there is no declaration indicating that those checks did, in fact, "bounce." She also attached checks written to her in 2008, but the 2008 checks are not issued by any defendant and she does not explain how those checks are connected to any defendant. It is not entirely clear, given there is no written employment contract in evidence, whether the statute of limitations for plaintiff's claim is three years—the limitations period for a claim of intentional nonpayment of wages under the Labor Code (§ 338, subd. (a)), or two years—the limitations period for breach of an oral contract (§ 339). Because the limitations period for Labor Code violations or for breach of an oral contract to pay wages starts to tick upon nonpayment up to and including the last date of nonpayment (*Cuadra v. Millan* (1998) 17 Cal.4th 855, 859, disapproved on other grounds in *Samuels v. Mix* (1999) 22 Cal.4th 1, 16, fn. 4; *Professional Collection Consultants v. Lauron* (2017) 8 Cal.App.5th 958, 974), plaintiff had until at the latest September 14, 2010—three years after September 14, 2007—to file suit. Her claim filed in May of 2018 is late.

Plaintiff argues that her claim is timely if we apply the doctrine of equitable tolling. Equitable tolling is a judicially created doctrine that extends or suspends a statute of limitations ""as necessary to ensure fundamental practicality and fairness."" (*Saint Francis Memorial Hospital v. State Dept. of Public Health* (2020) 9 Cal.5th 710, 719 (*Saint Francis*), quoting *McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 99

(*McDonald*).) The application of equitable tolling requires a showing of three elements: (1) timely notice to the defendant; (2) lack of prejudice to the defendant; and (3) "reasonable and good faith conduct on the part of the plaintiff." (*McDonald*, at p. 102.)

Plaintiff offers what boils down to two reasons why equitable tolling renders her claim timely.

First, she argues that Jang's postemployment calls to her promising payment lulled her into a sense of inaction, such that it is inequitable to expect her to sue him while he is promising her that suit might not be necessary. Even if we assume for purposes of argument that promises by a person who has lied to a plaintiff in the past gives that person reason to delay suit (and hence qualifies for equitable tolling), Jang's calls here lasted for only two years, and then stopped. Because the basis for tolling would stop with his false promises, these calls would extend the time to file at most to 2012—2007 plus two years plus the three-year limitations period. Plaintiff's 2018 lawsuit is still too late.

Second, plaintiff argues that Jang engaged in efforts to "avoid" Vidal by "engag[ing] in criminal activity" (such as using a last name with a one-letter difference from the name she knew him by) to prevent "disclos[ure] of his whereabouts," including by living outside of the country between 2009 and the time of her lawsuit. But the sole evidence plaintiff offered in support of her claim was her declaration that she was "[un]able to contact [Jang]" until around the time she filed her complaint. And Jang offered uncontradicted evidence that he was in the United States between 2009 and 2020 except for brief vacations. These undisputed facts do not satisfy the requirements of equitable tolling. As noted above, a plaintiff invoking the doctrine must engage in "reasonable and good faith conduct," which includes an

5

analysis of "whether that party's actions were fair, proper, and sensible in light of the circumstances." (*Saint Francis*, *supra*, 9 Cal.5th at pp. 728-729.) It is undisputed, however, that Jang was in California the whole time and that plaintiff was able to find him in 2018. Given that California law permits tolling at most when a person is out of the state (e.g., § 351), and that limitations periods *exist* to give plaintiffs time to find persons within the State, applying equitable tolling on the showing made here would cause this "narrow" exception intended for "'unusual circumstances'" to swallow the general rule that limitations periods are controlling. (*Saint Francis*, at p. 730, quoting *Wallace v. Kato* (2007) 549 U.S. 384, 396).

## DISPOSITION

The judgment is affirmed. Jang is entitled to his costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ


6