Felipe **ELIZONDO,** Olivia Elizondo, Angel Elizondo, Marlen Elizondo, Nancy Elizondo, Karina Elizondo, Sarai Elizondo, Veronica Nino and Juan Nieto, Plaintiffs,

v.

Floyd Joseph **PODGORNIAK** and Ronald John Podgorniak, individually and d/b/a Podgorniak Farms, Defendants.

No. 98–10235.

United States District Court,
E.D. Michigan,
Northern Division.

Feb. 11, 2000.

Order Granting Motion to
Amend, May 2, 2000.

---

**460**

Morley Witus, Barris, Sott, Detroit, MI, Thomas K. Thornburg, Farmworkers Legal Services, Berrien Springs, MI, Bonita P. Tenneriello, Legal Services of Southeastern Michigan, Ann Arbor, MI, for plaintiffs.

Robert D. Mannor, Shinners & Cook, Saginaw, MI, for defendant.

## *PRELIMINARY ORDER COMPUTING VIOLATIONS OF THE MSAWPA*

ROBERTS, District Judge.

### I. *Introduction*

Pending before the Court is Plaintiffs' Motion to Compute Violations of the Migrant and Seasonal Agricultural Worker Protection Act. Defendants have responded. For reasons discussed below, the Court will grant in part and deny in part Plaintiffs' Motion to Compute Violations.

### II. *Background*

In this action, Plaintiffs allege that Defendants violated the Fair Labor Standards Act (FLSA) and the Migrant and Seasonal Agricultural Workers Protection Act (MSAWPA). In an August 30, 1999 Opinion, this Court granted summary judgment in favor of Plaintiffs with respect to some of the alleged violations. *Elizon-*

*do v. Podgorniak,* 70 F.Supp.2d 758 (E.D.Mich.1999). With respect to MSAW-PA, the Court held that Defendants violated 29 U.S.C. § 1822(a) by not making Social Security contributions on behalf of Plaintiffs; violated 29 U.S.C. §§ 1821(d)(1) by failing to make, keep and preserve the number of hours Plaintiffs worked; violated 1821(d)(2) by failing to provide Plaintiffs with the number of hours Plaintiffs worked; and violated 29 U.S.C. § 1823(a) by failing to ensure that the camp facilities complied with Federal and State safety and health standards (with the exception of Plaintiffs' claim that Defendants did not provide toilet facilities in the field). *Elizondo* at 777–779. The Court denied summary judgment of Plaintiffs' claims that Defendants violated 29 U.S.C. § 1822 by failing to pay Plaintiffs minimum wage. *Id.* at 779.

Before the Court decides Plaintiffs' entitlement to statutory damages under MSAWPA, Plaintiffs seek a preliminary determination of the number of violations for which Defendants may be held liable under that Act.

### III. *Analysis*

Plaintiffs' Motion requires an analysis of 29 U.S.C. § 1854(c)(1), which in relevant part reads:

> If the court finds that the respondent has intentionally violated any provision of this chapter or any regulation under this chapter, it may award damages up to and including an amount equal to the amount of actual damages, or statutory damages of up to $500 per plaintiff per violation, or other equitable relief, except that (A) *multiple infractions of a single provision of this chapter or of regulations under this chapter shall constitute only one violation for purposes of determining the amount of statutory damages due a plaintiff. . . .*

(Emphasis added).

Plaintiffs and Defendants urge different interpretations of § 1854(c)(1)(A). Plaintiffs argue that the multiple infractions of a particular obligation in one season constitute only one violation, but that infractions of different obligations are counted separately. Additionally, each season of work should be considered a separate transaction and, therefore, the violations should be counted season by season. Defendants counter that the plain meaning of § 1854(c)(1) maximizes penalties for any number of violations of each provision or regulation. The damage limitation of § 1854(c)(1) is not based upon the type of violations at issue and is not divided into separate transactions.

■ The Court finds ample support for Plaintiffs' argument that the violations are calculated season by season. In *Leach v. Johnston,* 812 F.Supp. 1198, 1211 (M.D.Fla.1992), the court ruled, "Separate statutory damages may be awarded for similar MSAWPA violations occurring in successive vegetable seasons, provided the seasons constitute distinct and separate transactions." Likewise, in upholding the trial court's decision, the court in *Rivera v. Adams Packing Ass'n, Inc.,* 707 F.2d 1278, 1283 (11th Cir.1983) stated, "Because separate transactions occurred each of these two harvesting seasons, the district court correctly concluded that separate violations occurred each season, and correctly awarded each plaintiff $500.00 for each of the seasons he or she worked for the two contractors." *Also see Fields v. Luther,* 1988 WL 59963, *9 (D.Md.1988).

In this case, all of the Plaintiffs worked for Defendants during both the 1996 and 1997 harvesting season, except Juan Nieto worked during the 1997 season only. *Elizondo* at 775. As revealed by the testimony of Defendant Floyd Podgorniak, the 1996 and 1997 seasons were distinct transactions. He testified that, in 1996, the harvesting season ended on September 16, 1996. The harvesters then left the camp and did not return until early June 1997. *Id.* at 764. Thus, the 1996 and 1997 seasons represented different transactions and will be evaluated separately.

■ It is also clear that violations of separate provisions of MSAWPA are evaluated separately. Section 1854(c)(1)(A) indicates that multiple infractions of "a single provision" are counted as one violation. Thus, in *Sanchez v. Overmyer*, 891 F.Supp. 1253 (N.D.Ohio 1995), the court rejected the defendants' contention that violations of both § 1821(d)(1) and § 1821(d)(2) constituted one violation. "These separate provisions require separate and distinct obligations of defendants and will be viewed as separate violations." *Id.* at 1260.

■ Additionally, the language of § 1854(c)(1)(A) suggests that violations are counted separately for each Plaintiff. That section discusses the damages "due a plaintiff...." A review of numerous cases confirms that violations for each plaintiff are calculated separately. *See Bertrand v. Jorden*, 672 F.Supp. 1417, 1426 (M.D.Fla. 1987); *Sanchez* at 1261; *Leach* at 1212; and *Rivera* at 1283

■ Nevertheless, the Court must reject Plaintiffs' argument that two separate violations of the same provision— § 1822(a)—should be counted separately. Section 1822(a) requires agricultural employers to "pay the wages owed to such worker when due." Plaintiffs claim that Defendants violated § 1822(a) by failing to pay minimum wages in accordance with 29 U.S.C. § 206(a) of the Fair Labor Standards Act and by failing to make Social Security contributions. Since these are separate obligations that fall within § 1822(a), Plaintiffs argue that they should be counted separately. However, § 1854(c)(1)(A) explicitly requires that multiple infractions of a single provision be counted as one violation. There is no requirement that the multiple infractions be identical in nature in order to be counted as one violation. Therefore, the Court cannot agree to count Defendants failure to pay Social Security and alleged failure to pay minimum wages as separate violations of § 1822(a).

It should, moreover, be noted that this Court did not grant summary judgment of Plaintiffs' claim that they were not paid minimum wage and, accordingly, it would be inappropriate for this Court to include minimum wage violations in this Preliminary Order. Furthermore, the Court cannot count Defendants alleged violations of § 1822(c) in this Preliminary Order because that provision was not a subject of Plaintiffs' Motion for Partial Summary Judgment or this Court's August 30, 1999 Order.

## IV. *Conclusion*

For the reasons stated above, **THE COURT HEREBY GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion to Compute Violations of the Migrant and Seasonal Agricultural Worker Protection Act **[document 59]**. With respect to all Plaintiffs except Juan Nieto, the Court preliminarily finds that Defendants violated §§ 1821(d)(1), 1821(d)(2), 1822(a) and 1823(a) in both 1996 and 1997. Those same violations occurred with respect to Nieto in 1997. Thus, the Court's preliminary finding is that Defendants committed 68 violations of the MSAWPA.

**IT IS SO ORDERED.**

## *ORDER GRANTING PLAINTIFFS' MOTION TO AMEND PRELIMINARY ORDER COMPUTING VIOLATIONS OF THE MSAWPA*

Plaintiffs have filed a Motion to Amend this Court's February 11, 2000 Preliminary Order Computing Violations of the MSAWPA. In that Order, the Court stated that it could not count Defendants' alleged violations of 29 U.S.C. § 1822(c) because that provision was not a subject of Plaintiffs' Motion for Partial Summary Judgment. Plaintiffs state that they did raise that section in their Motion and they urge the Court to now summarily find that Defendants violated § 1822(c).

A review of Plaintiffs' Motion for Partial Summary Judgment does reveal that they referred to § 1822(c) when arguing that

Defendants failed to provide toilets or water for hand washing and drinking in the field (Plt's Mot. for S.J. at 34). As a result, the Court was mistaken when it analyzed Defendants' alleged failure to provide those facilities in the field under 29 U.S.C. § 1823(a) rather than § 1822(c). *See Elizondo v. Podgorniak*, 70 F.Supp.2d 758, 777 (E.D.Mich.1999). Plaintiffs point out in their Reply to the Motion to Amend that § 1823(a) pertains only to the safety and health of housing, not of the field.

 As a factual matter, the Court granted summary judgment of Plaintiffs' claim that Defendants failed to provide water in the field, but held that a question of fact remained regarding whether toilets were accessible in the field. *Elizondo* at 778. Accordingly, the Court will now determine whether Defendants' failure to provide water in the field violated § 1822(c).

Section 1822(c) provides:

No farm labor contractor, agricultural employer, or agricultural association shall, without justification, violate the terms of any working arrangement made by that contractor, employer, or association with any migrant agricultural worker.

Plaintiffs argue that the term "working arrangement" includes those aspects of the working relationship that are required by law. The Court agrees.

Courts have held that § 1822(c) liability can arise when a term of employment is required to be part of the working arrangement. In *Donaldson v. U.S. Dept. of Labor*, 930 F.2d 339, 350 (4th Cir.1991), the court held that the requirements of a "job offer" set forth in 20 C.F.R. § 655.203(b), which pertains to temporary employment of aliens, were part of the "working arrangement" between the plaintiff and defendant. Similarly, the court in *Colon v. Casco, Inc.*, 716 F.Supp. 688, 694 (D.Mass.1989), held that "[t]he 'period of employment' is a required term in every working arrangement. 29 U.S.C. § 1831(a)(1)(D); 29 C.F.R. § 500.76(b)(4)."

The required term of employment at issue in this motion is found in 29 C.F.R. § 1928.110(c). That section requires that agricultural workers provide water for drinking and hand washing in the field. These requirements are a mandatory term of the "working arrangement" Defendants had with Plaintiffs. Hence, the Court finds that Defendants' failure to provide water in the field constituted violations of § 1822(c). Accordingly,

**THE COURT HEREBY GRANTS** Plaintiffs' Motion to Amend Preliminary Order Computing Violations of the MSAWPA **[document 63]**. The Court finds that Defendants violated § 1822(c) with respect to all Plaintiffs except Juan Nieto in both 1996 and 1997, and with respect to Nieto in 1997. In total, Defendant committed a total of 17 violations of § 1822(c).

**THE COURT FURTHER AMENDS** its Preliminary Order Computing Violations of the MSAWPA to reflect that the preliminary finding of violations of all sections of the MSAWPA totals 85.