**Paul MEDRANO, Teresa J. Lara, Faustino Garcia and Alejandro Garcia, on behalf of themselves and all other persons similarly situated, Plaintiffs,**

v.

**D'ARRIGO BROTHERS COMPANY OF CALIFORNIA, Defendant.**

**No. C–00–20826 JF.**

United States District Court, N.D. California. San Jose Division.

Dec. 19, 2000.

Annabelle Cortez–Gonzalves, Marcos Camacho, A Law Group, Salinas, Paul Strauss, Miner, Barnhill & Galland, Chicago, IL, for Plaintiffs.

Geoffrey F. Gega, Kevin M. Erwin, Cook, Brown & Prager, LLP, Santa Ana, CA, for Defendant.

## ORDER DENYING MOTION TO DISMISS

[Docket No. 12]

FOGEL, District Judge.

Defendant D'Arrigo Brothers Company of California ("D'Arrigo") moves for dismissal of the complaint for lack of subject matter jurisdiction and failure to state a claim. Alternatively, D'Arrigo asks the Court to apply a two year limitations period to Plaintiffs' first four causes of action. The Court has read the moving and responding papers and has considered the oral arguments of counsel. For the reasons set forth below, the motion is denied.

## I. BACKGROUND

This case was filed as a class action by current and former employees of D'Arrigo. Plaintiffs are agricultural workers, and D'Arrigo is an agricultural employer engaged in the business of planting, harvesting, grading, packaging, packing, and processing vegetables. Plaintiffs allege that from 1996 to the present, D'Arrigo has not accurately recorded or compensated them for all hours worked. These allegations stem from D'Arrigo's policy and practice of mandating that its employees perform certain "work activities" without compensation. In particular, Plaintiffs are required to report to a designated departure point ("Spreckles Parking Lot") where they must board buses operated and owned by D'Arrigo. The buses then transport the workers to work sites located in various parts of Monterey County. Plaintiffs are not allowed to drive directly to a work site even if it is closer to their home than the Spreckles Parking Lot. At the end of the workday, Plaintiffs are not permitted to leave the work site immediately, but instead must wait for the foreman (who often doubles as the bus driver) to finish his or her administrative tasks before the bus can transport them back to the Spreckles Parking Lot.

Plaintiffs claim that D'Arrigo should have compensated them for this *"compulsory travel time,"* including the time spent riding the bus to the fields, waiting for the bus at the end of the day, and riding the bus back to the departure point. Plaintiffs also claim that D'Arrigo required them to perform "warm-up" exercises and did not record or pay them for this *"compulsory exercise time."* Plaintiffs contend that the legal effect of D'Arrigos' failure to compensate them for these activities is that they have not been paid wages due to them by law. Plaintiffs now assert a federal claim for violation of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA" or the "Act") (first cause of action);[1] as well as supplemental state law claims for violation of California Labor

---

1. 29 U.S.C. § 1801 et seq. ("AWPA" or the "Act").

Code §§ 218, 201, 202, 203, 205.5 (second[2] and third causes of action), breach of contract (fourth cause of action); and violation of California Business and Professions Code § 17200 et seq. (fifth cause of action).

## II. LEGAL STANDARD

Generally, the issue to be decided on a motion to dismiss is not whether a plaintiff's claims have merit but whether the moving defendant has shown beyond doubt that the plaintiff can prove no set of facts entitling him or her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court's review is limited to the face of the complaint, documents referenced by the complaint and matters of which the Court may take judicial notice. *Levine v. Diamanthuset, Inc.,* 950 F.2d 1478, 1483 (9th Cir.1991); *In re Stac Electronics Securities Litigation,* 89 F.3d 1399, 1405 n. 4 (9th Cir.1996); *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir.1986). Ordinarily, a complaint may be dismissed as a matter of law for only two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984) (*citing* 2A J. Moore, *Moore's Fed. Practice* ¶ 12.08 at 2271 (2d ed.1982)). When a court considers a motion to dismiss, all allegations of the complaint are construed in the plaintiff's favor. *Sun Savings & Loan Ass'n v. Dierdorff,* 825 F.2d 187, 191 (9th Cir.1987). For a motion to dismiss to be granted, it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved. *Wool v. Tandem Computers, Inc.,* 818 F.2d 1433, 1439 (9th Cir.1987).

## III. DISCUSSION

D'Arrigo contends that the complaint should be dismissed in its entirety because Plaintiffs fail to assert a cognizable AWPA claim and thus have not raised a federal question. D'Arrigo also argues that even if the Court does not dismiss the AWPA claim it should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims. Finally, D'Arrigo asserts that the applicable limitations period for the first four claims is two years and that Plaintiffs therefore are precluded from obtaining relief based upon violations which occurred before August 4, 1998. The Court considers each of these issues in turn.

### A. AWPA CLAIM

The AWPA is the successor statute to the Farm Labor Contractor Registration Act, 7 U.S.C. §§ 2041–2053("FLCRA"), which was "the first major federal effort to improve the lot of agricultural laborers who have long been among the most exploited groups in the American labor force." *Barajas v. Bermudez,* 43 F.3d 1251, 1253 (9th Cir.1994) (*citations omitted*); 42 U.S.C. § 1801 et seq. (enacted in 1983). Congress replaced the FLCRA with the AWPA in order to redress perceived shortcomings in the FLCRA. The Act provides a variety of protections for seasonal agricultural workers, including, *inter alia,* disclosure of employment terms when workers are recruited, payment of wages to workers when due, required compliance with the parties' work agreements, and guarantees of adequate housing and safe transportation. 29 U.S.C. § 1801 et seq. It creates a private right of action, 29 U.S.C. § 1854, and authorizes awards of statutory damages of up to $500 per plaintiff per violation, or where the complaint is certified as a class action, the lesser of $500 per plaintiff per violation or $500,000. 29 U.S.C. § 1854(c).[3]

---

**2.** The second cause of action also makes a claim for violation of California Industrial Welfare Commission Wage Order Number 14–80 ("Cal. IWC Order No. 14–80").

**3.** The civil remedy under AWPA "was provided not only to compensate injuries, but also to promote enforcement of the Act and deter violations." *Martinez v. Shinn,* 992 F.2d 997, 999 (9th Cir.1993) (*quoting, Six (6) Mexican Workers v. Arizona Citrus Growers,* 904 F.2d 1301, 1309 (9th Cir.1990)).

The statutory provision at issue here 29 U.S.C. § 1832(a) provides that:

> Each farm labor contractor, agricultural employer, and agricultural association which employs any seasonal agricultural worker shall **pay the wages owed to such worker when due.**[4]

(*emphasis added*). Plaintiffs contend that D'Arrigo violated Section 1832(a) by failing to pay them for compulsory travel time, which is compensable pursuant to state law.[5] *See, Morillion v. Royal Packing Co.,* 22 Cal.4th 575, 588–592, 22 Cal.4th 1152B, 94 Cal.Rptr.2d 3, 995 P.2d 139 (2000); Cal. IWC Order No. 14–80 (hereinafter "Wage Order No. 14–80"); California Labor Code §§ 218, 201, 202, 205.5. Defendant, on the other hand, asserts that Section 1832(a) only applies to violations of the Fair Labor Standard Act ("FLSA") and other federal wage and hour laws and not to violations of state law.[6] Accordingly, the threshold issue is whether Section 1832(a) incorporates state law, including substantive provisions of state wage and hour laws.

The AWPA does not define or otherwise explain which substantive rights define the "wages owed" under Section 1832(a). That is, the Act does not address whether an employer's violation of provisions of state law or the parties' agreement is equivalent to a failure to pay wages. There are no reported cases which have addressed this precise issue. This Court thus must decide as a matter of first impression whether D'Arrigo may be held

liable under AWPA for violations of state wage and hour laws. "In construing a statute as a matter of first impression, we first must look to the statutory language: [t]he starting point in interpreting a statute is its language, for if the intent of Congress is clear, that is the end of the matter." *United States v. Morales–Alejo,* 193 F.3d 1102, 1105 (9th Cir.1999) (*internal citation and quotation omitted*). "It [also] is necessary to look to the purpose and intent of a statute when deciding what its terms mean." *Bresgal v. Brock,* 843 F.2d 1163, 1166 (9th Cir.1987). If the statutory language is unclear, then the Court must "attempt to determine Congressional intent from the legislative history." *Morales–Alejo,* 193 F.3d at 1105.

■ The Court concludes that the intent of Congress is apparent from the language of the statute. The Act provides that an agricultural employer shall pay its employees "wages owed when due." An employer's obligation to pay wages may arise from various substantive sources of law. *See, Donaldson v. United States Department of Labor,* 930 F.2d 339, 350 n. 13 (4th Cir.1991) ("No principle of statutory construction prevents a private right of action conferred by one statutory regime from drawing substance from provisions of another regime which does not provide such a right of action.").

Defendant asks the Court to add limiting words to Section 1832(a), reading it to say that payment of wages is required only when wages are due according to federal wage and hour laws.[7] However, the Act

4. 29 U.S.C. § 1832(a) applies to seasonal agricultural workers. Identical language is found in 29 U.S.C. § 1822(a), which applies to migrant agricultural workers. For purposes of this Order the Court construes these sections without distinction.

5. Plaintiffs also assert AWPA claims for D'Arrigo's alleged failure to keep an accurate record of all hours worked, 29 U.S.C. § 1831(c), and its failure to comply with the working arrangement between the parties, 29 U.S.C. § 1832(c). However, at this time, these specific AWPA claims are not at issue and therefore the Court need not address them specifically.

6. Defendant goes on to argue that Plaintiffs fail to state an AWPA claim because allegedly Section 1832(a) only incorporates violations under the Federal Labor Standard Act ("FLSA"), and claims for "compulsory travel time" are not compensable under the FLSA. However, since Plaintiffs' claim is expressly premised on state law the Court need not address the issue of whether compulsory travel time is compensable under the FLSA.

7. Defendant asserts that the available remedies under AWPA are limited by the FLSA because the AWPA incorporates by reference certain terms as defined by the FLSA. *See, e.g.,* 29 U.S.C. § 1802 ("The term 'employ'

simply provides that wages must be paid when due, without limiting the source of the obligation. Section 1832(a) does not make specific reference to federal or state law, and the Act certainly does not indicate that an employer's obligation to pay may arise only from the AWPA itself. *See, e.g., Donaldson*, 930 F.2d at 349–350, n. 13 (AWPA violation properly alleged based on failure to pay wages due under Wagner–Peyser Act); *Elizondo v. Podgorniak*, 70 F.Supp.2d 758, 777 (E.D.Mich.1999) (failure to make FICA contributions violated Section 1822(a) of the AWPA); *Sanchez v. Overmyer*, 845 F.Supp. 1178, 1182 (N.D.Ohio 1993) (same); *Smith v. Bonds*, 1993 WL 556781, at *8, 1 Wage & Hour Cas.2d (BNA) 1198 (E.D.N.C. Sept. 28, 1993) (failure to pay wages required by FLSA violated AWPA). Moreover, while there are no reported cases which have addressed explicitly whether Section 1832(a) incorporates state law, a number of courts have suggested implicitly that it does. *See, e.g., Martinez v. Shinn*, 1991 WL 150184, *2 (E.D.Wash.1991), *aff'd*, 992 F.2d 997 (9th Cir.1993) (awarding statutory damages under the Act for failure to pay wages when due and actual damages for failure to pay pursuant to the contract and the state revenue code); *Antunez v. G & C Farms, Inc.*, 1993 WL 451344 (D.N.M. 1993) (failure to make contributions to unemployment insurance fund, as required by state law, constitutes violation of AWPA's requirement that wages be paid when due); *Fields v. Luther*, 1988 WL 59963, *17 (D.Md.1988)(same); *Bonhomme et al. v. Massaline et al.*, 1984 WL 3166 (S.D.Fla.1984) (same); *Elizondo v. Podgorniak*, 100 F.Supp.2d 459, 460 (E.D.Mich.2000) (employer violated 29 U.S.C. § 1823(a) by failing to ensure that camp facilities complied with Federal and State safety and health standards).

D'Arrigo also asserts that Section 1832(a) should not be read to incorporate state law wage requirements because an employer's obligation under AWPA then would vary from state to state and "any uniformity in the application of AWPA and the FLSA on a national level would be destroyed." (D'Arrigo's Motion to Dismiss at 5:1–4.) D'Arrigo, however, fails to point to any principle of statutory construction which prevents a federal statute from incorporating state law simply because the result is that application of federal law may vary from state to state. *Cf., United States v. Mitchell*, 403 U.S. 190, 197, 91 S.Ct. 1763, 29 L.Ed.2d 406 (1971) (under federal tax code, ownership of property and resulting liability for income tax is determined by reference to state law); *Hardy v. C.I.R.*, 181 F.3d 1002, 1006 (9th Cir.1999); *Washington Dep't. Of Social & Health Servs. v. Bowen*, 815 F.2d 549, 554–555 (9th Cir.1987) (state law defines "income" for purposes of benefits under the Medicaid program). In any event, the AWPA and FLSA are not presently applied uniformly; they have different terms, offer different remedies, and apply to different categories of workers. *See, Bresgal*, 843 F.2d at 1166 (certain "agricultural" employees covered under AWPA but not under the FLSA).

D'Arrigo further argues that because there is an explicit reference to federal and state laws in the housing and transportation sections of AWPA, (see, e.g., 29 U.S.C. § 1823), the absence of such a reference in Section 1832(a) must mean that Congress did not intend to incorporate state law into Section 1832(a). D'Arrigo's reading of the AWPA, however, would severely limit its protections. Under such reasoning Section 1832(a) could not incorporate *any* substantive laws outside the Act itself. How-

has the meaning given such term under section 3(g) of the [FLSA] of 1938 (29 U.S.C. 203(g)) for the purposes of implementing the requirements of the Act."). However, the incorporation of FLSA definitions does not operate to make both statutes identical in coverage or limit the AWPA to the limitations found in the FLSA. *See, e.g., Bresgal*, 843 F.2d

at 1166 (concluding that even though AWPA incorporates by reference the FLSA's definition of "agriculture," and according the Department of Labor's interpretation of the term "agriculture" the FLSA does not extend coverage to forestry workers, these workers are nonetheless covered by the AWPA in light of its underlying purpose).

ever, as D'Arrigo acknowledges, Section 1832(a) does incorporate other federal laws. Even if the statute might be interpreted in a more limiting manner, courts consistently have construed the AWPA broadly in light of its "remedial and humanitarian purpose." *Barajas,* 43 F.3d at 1260; *see also, Marshall v. Coastal Growers Ass'n,* 598 F.2d 521, 525 (9th Cir.1979) (the FLCRA "is remedial and should be broadly construed."); *Caro–Galvan v. Curtis Richardson, Inc.,* 993 F.2d 1500, 1505 (11th Cir.1993) ("AWPA is a remedial statute and should be construed broadly to effect its humanitarian purpose.").

Accordingly, because Plaintiffs have alleged a cognizable AWPA claim by alleging that they were not paid wages due to them under California law,[8] the Court will deny D'Arrigo's motion to dismiss.

**B. Supplemental Jurisdiction**

As set forth above, the Court concludes that it has jurisdiction over Plaintiffs' federal claim and therefore, in its discretion, will continue to exercise supplemental jurisdiction over the state claims.[9]

**C. Statute of Limitations**

The Court still must address what limitations period is applicable to Plaintiffs' first three causes of action.[10] Because the AWPA does not contain a limitations period, the Court must "examine the factual and legal theories presented in this case in order to determine an appropriate limitations period." *Barajas,* 43 F.3d at 1257. The Court "begin[s] by characterizing the 'essence' of the particular federal statutory claim raised here in state law terms." *Id.* Then the Court must select the most anal-

ogous state law cause of action and apply its statute of limitations. *Id.; Rivera v. Anaya,* 726 F.2d 564, 567 (9th Cir.1984). "In no circumstances, however, should a court adopt a limitation period that would frustrate the policies of the federal statute." *Barajas,* 43 F.3d at 1255. Accordingly, the Court "must first examine the 'essence' of the particular federal statutory claim presented here and then determine whether the most analogous ... [California] state statute adequately protects the federal interests embodied in the AWPA." *Id.* at 1258.

D'Arrigo argues that the cause of action most analogous to Plaintiffs' federal claim under California law is a common law claim for breach of an oral contract, which has a limitations period of two years pursuant to Cal.Civ.Proc.Code § 339.[11] Plaintiffs, on the other hand, assert that their AWPA claims are in essence statutory and thus subject to the three year limitations period provided by Cal.Civ.Proc.Code § 338(a). Indeed, the essence of Plaintiff's complaint in state law terms is not that D'Arrigo breached an oral contract but that wages are due and were not paid when due by virtue of a specific California statutory scheme. The most analogous state cause of action thus is found in the provisions of the California Labor Code and Wage Orders of the California Industrial Welfare Commission which Plaintiffs allege in their second and third cause of action. These provisions of state law support Plaintiffs' federal AWPA claim, *Morillion,* 22 Cal.4th at 588–592, 22 Cal.4th 1152B, 94 Cal.Rptr.2d 3, 995 P.2d 139 (holding that wages were due for compul-

---

**8.** It would be premature for the Court to address the factual question of whether wages are due to Plaintiffs.

**9.** Defendant also moves for dismissal of this action for lack of subject matter jurisdiction. However, the Court has determined that it has federal question jurisdiction over this case.

**10.** It is undisputed that Plaintiffs' fourth cause of action for breach of an oral contract

is subject to the two year statute of limitations provided by Cal.Civ.Proc.Code § 339.

**11.** Defendant also asserts that according to *Barajas,* the Court must look to the complaint itself—as opposed to extrinsic state statutes—to find the state claim that is most analogous to the AWPA claim. The Court, however, need not address this issue as the complaint alleges the relevant state statutes.

sory travel time pursuant to Wage Order No. 14–80), and, like AWPA, compel the prompt and full payment of wages, California Labor Code §§ 218, 201, 202, 203, 205.5. *See, Martinez,* 992 F.2d at 1001 (indicating that in that case the AWPA statutory damages were intended to compensate plaintiffs for not receiving "timely payment" and to "deter the defendants from withholding timely payment in the future").

Even if the Court were inclined to characterize the AWPA claim as an action upon an oral contract, it could not apply a two year statute of limitations and still remain faithful to its duty to apply a limitations period that does not frustrate the purposes of the AWPA. *Barajas,* 43 F.3d at 1259–1260 (acknowledging that "it is possible to characterize the plaintiff's federal action not as a contract action, but as a statutory modified contract action," but declining to do so because it would trigger a one year statute of limitations, and the "application of a one year limitations period would be inconsistent with the purposes of AWPA."). As indicated by the court in *Barajas,* "migrant and seasonal workers, who often move from state to state to participate in harvests and who may reside in any given state for only a month or two at a time, are particularly unlikely to be able to assert their rights in a short time frame or have their interests taken into consideration in state law provisions." *Id.* at 1260; *see also, Sanchez v. Morrison,* 667 F.Supp. 536, 538 (W.D.Mich.1987) (noting the broad remedial purposes of the AWPA in deciding to apply Michigan's six year limitations period for breach of contract rather than the three year period for injury to property or person); *Caro–Galvan,* 993 F.2d at 1505 ("AWPA is a remedial statute and should be construed broadly to affect its humanitarian purpose."); *Rivera,* 726 F.2d at 567–569 (applying Cal.Civ.Proc.Code § 338(a), which provides for a three year statute of limitations, rather than § 340's one year statute of limitations). Accordingly, the Court concludes that Plaintiffs' AWPA claims are in essence statutory in nature.

Based on the foregoing, the applicable limitations period in this case depends upon the applicable statute of limitations with respect to the aforementioned provisions of state law. Section 338(a) of the California Civil Procedure Code provides a three year limitation period for actions based on a liability created by statute. *See, Rivera,* 726 F.2d at 567 (applying Cal.Civ.Proc.Code § 338(1), which is currently codified as § 338(a), to AWPA claim); *Cuadra v. Millan,* 17 Cal.4th 855, 72 Cal.Rptr.2d 687, 952 P.2d 704 (1998) (explaining that actions for unpaid wages based on a wage liability created by statute must be brought within three years after accrual under section 338(a)), *disapproved on other grounds* in *Samuels v. Mix,* 22 Cal.4th 1, 16 n. 4, 91 Cal.Rptr.2d 273, 989 P.2d 701 (1999). However, "[t]he action must be of a type which did not exist at common law." *Winick Corp. v. General Ins. Co.,* 187 Cal.App.3d 142, 145, 231 Cal.Rptr. 606 (1986).

■ D'Arrigo contends that the obligations created by the relevant state provisions existed at common law and thus are governed by a two year statute of limitations. Specifically, it asserts that "[t]hese labor code sections simply codify the common law principal that wages earned and payable at the time of discharge and resignation are due an payable immediately." (D'Arrigo's Motion to Dismiss at 20:10–12.) D'Arrigo, however, does not cite any authority to support this proposition. In fact, the relief Plaintiffs seek was not available at common law as it exists only by virtue of Wage Order No. 14–80, which was adopted pursuant to California Labor Code. *See, Morillion,* 22 Cal.4th at 588–592, 22 Cal.4th 1152B, 94 Cal.Rptr.2d 3, 995 P.2d 139 (holding that wages were due for compulsory travel time pursuant to Cal.IWC Order No. 14–80). Thus, D'Arrigos' obligation to pay Plaintiffs for compulsory travel time was created by statute and not by an oral agreement or common law as D'Arrigo asserts. *See, Aubry v. Goldhor,* 201 Cal.

App.3d 399, 406, 247 Cal.Rptr. 205 (1988) (indicating that while the existence of the employer-employee relationship brought plaintiffs and their employers within the statutory overtime provisions there would be no liability for overtime compensation, were it not for the statutory overtime provisions.) (*citation omitted*). Similarly, at common law, employers were not required to pay discharged employees "immediately," Cal.Lab.Code § 201, resigning employees within 72 hours, Cal.Lab.Code § 202, and agricultural employees twice each calendar month, Cal.Lab.Code § 205.5. *Id.* at 403–406, 247 Cal.Rptr. 205 (finding that plaintiffs overtime claim based on Wage Order No. 7–80 and Cal. Lab.Code §§ 201, 202, 203 is an action created by statute for purposes of determining the applicable statute of limitations and therefore subject to § 338(a)). Finally, unlike a common law claim requiring payment upon discharge or resignation, the instant claims also are asserted by current employees who have not resigned or been discharged. Accordingly, the Court concludes that Plaintiffs' first, second and third causes of action are governed by the three year limitations period contained in Section 338(a).[12]

## IV.  ORDER

D'Arrigo's motion to dismiss the complaint is denied as set forth in this Order. The Court concludes that Plaintiffs' first three causes of action are governed by the three year limitations period provided by Cal.Civ.Pro.Code § 338(a) while the fourth cause of action for breach of an oral contract is subject to the two year limitations period provided by Cal.Civ.Proc.Code § 339. Defendant shall have twenty (20) days from the date of this Order within which to file its answer.

IT IS SO ORDERED.

12.  Cal.Civ.Pro.Code § 338(a).