Filed 7/14/14  Armendariz v. Metropolitan Transportation Commission CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THOMAS ARMENDARIZ et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>METROPOLITAN TRANSPORTATION COMMISSION et al.,<br><br>        Defendants and Respondents. | A138717<br><br>(Alameda County<br>Super. Ct. No. HG12650902) |

Plaintiffs Thomas Armendariz and Elmer Banaag, individually and on behalf of their coworkers, sued defendant the Metropolitan Transportation Commission (MTC) alleging violation of prevailing wage laws.  The trial court sustained MTC's demurrer without leave to amend.  On appeal, plaintiffs do not challenge the court's legal findings with respect to the demurrer, claiming solely that the court abused its discretion in denying leave to amend.  We affirm.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In March 2011, plaintiffs each filed a complaint against Case Systems, Inc. (Case) for failure to pay prevailing wage rates with respect to public works contract entered into between Case and MTC.

On August 24, 2012, the trial court in the lawsuit against Case filed its decision, concluding plaintiffs had failed to introduce competent evidence that the wage rate paid was incorrect.[1]

---

[1] This ruling has been appealed in the related case of *Banaag et al. v. Case Systems, Inc.* (Appeal No. A136841).

1

On October 5, 2012, plaintiffs filed the instant class action lawsuit against MTC, asserting a claim for negligent breach of statutory duty. They alleged they had worked for a private contractor from November 1999 until March 2010 on a public works project for which MTC was the awarding body. They claimed they had not been paid the prevailing wage for their work, in contravention of relevant Labor Code provisions. They alleged they first learned MTC had not required the contractor to submit certified payroll records or reports on July 2, 2012, during the testimony in the trial against their employer. They subsequently presented a written claim to MTC under the Government Tort Claims Act (Gov. Code, § 900 et seq.) on July 26, 2012, asserting the agency had negligently breached its statutory duty to require the contractor to submit such records. Their claim was reportedly returned as untimely on September 10, 2012.

On November 15, 2012, MTC filed a demurrer asserting, among other grounds, that it was not subject to liability for failure to carry out any responsibilities under the prevailing wage laws per *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962 (*Aubry*).[2] MTC also contended the complaint was barred by plaintiffs' failure to present a claim within six months or one year from the accrual of the cause of action, as required by Government Code section 911.2. MTC noted the complaint asserted plaintiffs' employment ended in March 2010, but they did not present a claim to MTC until July 26, 2012. In opposition, plaintiffs sought leave to amend the complaint to allege MTC had acted in contravention of statute by failing to require their employer to post a

_____

[2] In *Aubry,* our Supreme Court considered whether a public hospital district could be held liable under Government Code section 815.6 for not requiring its contractor to pay the prevailing wage required by the Labor Code for public works projects. The court concluded that the harm suffered by the underpaid workers was not an "injury" within the meaning of Government Code section 810.8, because it would not " 'be actionable if inflicted by a private person.' " (2 Cal.4th 962, 968; citing Gov. Code, § 810.8.) Since the Labor Code only required payment of the prevailing wage on public works projects, a private person could not be held liable for failing to pay the prevailing wage; the injury to the workers was "not included within the Tort Claims Act's definition of injury." (*Aubry, supra,* 2 Cal.4th at p. 968.)

performance bond to ensure there were sufficient funds to pay them the prevailing wage in the event the contractor became insolvent.

On April 4, 2013, the trial court sustained MTC's demurrer without leave to amend. This appeal followed.

**DISCUSSION**

*I. Standard of Review*

We review the trial court's denial of leave to amend for abuse of discretion. (*Hayter Trucking, Inc. v. Shell Western E&P, Inc.* (1993) 18 Cal.App.4th 1, 12-13; *Everett v. State Farm General Ins. Co.* (2008) 162 Cal.App.4th 649, 655.) "[W]e determine whether there is a reasonable probability that the defect can be cured by amendment." (*V.C. v. Los Angeles Unified School Dist.* (2006) 139 Cal.App.4th 499, 506.) Plaintiffs, as the appellants, bear the burdening of proving the trial court abused its discretion in denying leave to amend (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *Traders Sports, Inc. v. City of San Leandro* (2001) 93 Cal.App.4th 37, 43), a burden they have not satisfied.

*II. Plaintiffs' Claim Was Untimely*

Before suing a public entity, the plaintiff must present a timely written claim for damages to the entity. (Gov. Code, § 911.2[3]; *State of California v. Superior Court* (*Bodde*) (2004) 32 Cal.4th 1234, 1239 (*Bodde*); but see Gov. Code, § 905 [itemized exceptions not relevant here].) Timely claim presentation is not merely a procedural requirement, but is " ' "a condition precedent to plaintiff's maintaining an action against defendant" ' " (*Bodde, supra,* 32 Cal.4th at p. 1240, quoting *Williams v. Horvath* (1976) 16 Cal.3d 834, 842), and thus an element of the plaintiff's cause of action. (*Bodde,*

---

[3] Government Code section 911.2, subdivision (a) provides, in part: "A claim relating to a cause of action for death or for injury to person or to personal property . . . shall be presented as provided . . . not later than six months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented . . . not later than one year after the accrual of the cause of action."

*supra,* at p. 1240.) Complaints that do not allege facts demonstrating either that a claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action. (*Bodde, supra,* at p. 1245.)

In the present complaint, plaintiffs alleged that their claim was timely filed since it was filed less than 30 days after Stephanie Pow, testifying as MTC's most knowledgeable person, made an admission during the related trial against Case that the agency had failed to require the contractor to submit certified payroll records or reports to demonstrate compliance with provisions of state prevailing wage statutes. As noted above, plaintiffs do not contest the validity of the court's ruling on the demurrer. In its ruling, the court noted that, "[a]lthough the complaint alleges late 'discovery,' that is not an excuse for failing to bring a timely claim against a government entity."

Plaintiffs now seek leave to amend to plead two claims against MTC: (1) that MTC failed to ensure the contractor paid them the prevailing wage on a public works project in alleged violation of Labor Code section 1773, and (2) that MTC failed to ensure the contractor posted a payment bond to ensure there are sufficient funds to pay them the prevailing wage in the event the contractor becomes insolvent. The proposal to amend the complaint does not set forth any grounds for excusing compliance with the claim presentation requirement. Instead, plaintiffs merely assert that that the question of whether their claims are barred by the statute of limitations represents a mixed question of law and fact that should be decided by a jury. Not so. (See *Bodde, supra,* 32 Cal.4th at p. 1245 ["we see no reason to ignore the overwhelming precedent establishing that failure to allege compliance or circumstances excusing compliance with the claim presentation requirement subjects a complaint to a general demurrer for failure to state facts sufficient to constitute a cause of action."])

4

### III. Late Discovery Does Not Apply

Plaintiffs do not persuade us that their causes of action against MTC accrued any later than March 2010. "In tort actions, the statute of limitations commences when the last element essential to a cause of action occurs. [Citations.] The statute of limitations does not begin to run and no cause of action accrues in a tort action until damage has occurred. [Citation.] If the last element of the cause of action to occur is damage, the statute of limitations begins to run on the occurrence of 'appreciable and actual harm, however uncertain in amount,' that consists of more than nominal damages. [Citations.] '. . . [O]nce plaintiff has suffered actual and appreciable harm, neither the speculative nor uncertain character of damages nor the difficulty of proof will toll the period of limitation.' [Citations.]" (*San Francisco Unified School Dist. v. W.R. Grace & Co.* (1995) 37 Cal.App.4th 1318, 1326.)

"The statute of limitations begins to run when the plaintiff suspects or should suspect that his or her injury was caused by wrongdoing--when the plaintiff has notice of information or circumstances that would put a reasonable person on inquiry. The plaintiff need not be aware of the specific facts necessary to establish the claim--these facts can be determined during pretrial discovery. Once a plaintiff suspects wrongdoing and therefore has an incentive to sue, he or she must decide whether to file suit or sit on his or her rights. When a suspicion exists, the plaintiff must go find the facts; he or she cannot wait for the facts to find him or her." (*San Francisco Unified School Dist. v. W.R. Grace & Co., supra,* 37 Cal.App.4th at pp. 1326-1327.)

Plaintiffs evidently became aware of their causes of action some time prior to March 8, 2011, the date they filed their complaint in the related action. They alleged that they ended their employment in March 2010. This is the date on which they last suffered their alleged injury of failure to be paid the prevailing wage and the latest date on which their cause of action accrued. (*Cuadra v. Millan* (1998) 17 Cal.4th 855, 859; disapproved on other grounds in *Samuels v. Mix* (1999) 22 Cal.4th 1, 16, fn. 4.) At that point, they

should have realized or, at minimum, speculated that the MTC, as their employer's contracting party, had some involvement with respect to alleged failure to pay prevailing wages.

Specifically, as the governmental entity that awarded the public works project to plaintiffs' employer, plaintiffs had ample reason to suspect that MTC had some involvement with respect to their employers' alleged failure to pay them prevailing wages. " 'A plaintiff is charged with "presumptive" knowledge so as to commence the running of the statute once he or she has " 'notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his investigation . . . .' " [Citations.]' [Citation.]" (*Shamsian v. Atlantic Richfield Co.* (2003) 107 Cal.App.4th 967, 980.) Under the present circumstances, the discovery rule does not extend the accrual date of the six-month or one-year tort claims statute of limitations in the present case. (See *Ovando v. County of Los Angeles* (2008) 159 Cal.App.4th 42, 69.) Therefore, plaintiffs' causes of action accrued by March of 2010, and their claims were filed more than two years thereafter, in July of 2012. The failure of plaintiffs to plead the essential element of a timely filed claim bars their action.

In sum, plaintiffs have not identified any facts they can allege to demonstrate compliance with the Tort Claims Act. Likewise, they have not demonstrated that they can allege facts that would support tolling the limitations period. While they claim their proposed amendments contain different allegations based on "newly discovered evidence" regarding MTC's conduct, these allegations are not sufficient to defeat the demurrer. We thus conclude the trial court did not abuse its discretion in sustaining MTC's demurrer without leave to amend. Accordingly, we need not address the parties' other arguments.

**DISPOSITION**

The order is affirmed.

6

_____

Dondero, J.

We concur:

_____

Margulies, Acting P.J.

_____

Becton, J.*

---

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.